EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **Consent Order of Restitution** |
| v. | |
| GEORGE SANOSSIAN | 24 Cr. 90 (CS) |

---

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Jeffrey C. Coffman and James McMahon, Assistant United States Attorneys, of counsel; the defendant's conviction on Count One of the Information; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

George Sanossian, the defendant, shall pay restitution in the total amount of $652,883.55, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, including, but not limited to, 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), to the Internal Revenue Service ("IRS") and to the New York State Department of Taxation and Finance ("NYSDTF"). The specific amounts owed to the IRS and the NYSDTF are set forth in the Schedule attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of the IRS or the NYSDTF, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

    A. **Joint and Several Liability**

Restitution is joint and several in full with defendant Jack N. Sardis in *United States v. Jack N. Sardis*, 24 Cr.102(NSR). Restitution is joint and several in part with Marc Klahr in *United States v. Marc Klahr*, 23 CR 409 (NSR), and Jared Rothstein in *United States v. Jared Rothstein*, 23 CR 410 (VB), as specified in Schedule A. The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein,

or the IRS and the NYSDTF have recovered the total amount of each loss from (1) the restitution paid by the defendant, Jack N. Sardis, Marc Klahr, and Jared Rothstein; and (2) payments to the IRS and the NYSDTF by the taxpayers identified in Schedule A for tax due and owing for the tax years 2012 through 2017 inclusive and arising out of those taxpayers' participation in the conspiracy described in the Information.

Restitution is not joint and several with others not named herein.

### B.     Apportionment

Restitution shall be paid to the Internal Revenue Service and the NYSDTF, on a pro rata basis, whereby each payment shall be distributed proportionally to each based upon the amount of loss for each, as set forth more fully in Schedule A.

### 2.     Schedule of Payments

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

The defendant will commence monthly installment payments of not less than $2,000 *OR* at least 10 percent of the defendant's gross income, payable on the 1st of each month, immediately upon the later of the entry of this judgment or release from imprisonment.

While serving any term of imprisonment, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Any unpaid amount remaining upon release from prison

2023.2.16                                         2

4.     **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5.     **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of individuals and entities not before the Court, Schedule A shall be filed under seal, except that copies may be retained and used by or disclosed to the IRS, the NYSDTF, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    5/10/24
Jeffrey C. Coffman                DATE
50 Main Street, Suite 1100
White Plains, NY 10606
Tel.: (914) 993-1940

GEORGE SANOSSIAN

By: _____    5/15/24
George Sanossian                  DATE

By: _____    5/15/24
Charles E. Clayman, Esq.          DATE
Alan Vinegrad, Esq.

SO ORDERED:

_____    5/29/24
HONORABLE CATHY SEIBEL       DATE
UNITED STATES DISTRICT JUDGE

2023.2.16                         5